IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD TANNER AND CRISTINE TANNER,)
)
        Plaintiffs,    )   2:09-cv-03149-GEB-KJM
)
    v.                 )   ORDER GRANTING PLAINTIFFS
)   LEAVE TO AMEND, DENYING
BANK OF AMERICA fka COUNTRYWIDE  )   DEFENDANTS' PENDING MOTIONS
HOME LOANS; COUNTRYWIDE BANK, FSB;)   TO DISMISS AS MOOT, AND
MORTGAGE ELECTRONIC REGISTRATION  )   DECLINING SUPPLEMENTAL
SYSTEM, INC.; C.F. FINANCIAL,    )   JURISDICTION OVER PLAINTIFFS'
INC.; KEY BANK, N.A.; COUNTRYWIDE )   STATE CLAIMS
HOME LOANS; ANHIL B.SHAH; and DOES)
1-20, inclusive,              )
)
        Defendants.   )
_____ )

        Pending are motions to dismiss Plaintiffs' complaint. Plaintiffs' complaint includes both federal and state claims. Plaintiff did not file an opposition to any pending motion, but on February 12, 2010 Plaintiffs filed a First Amended Complaint ("FAC") in which Plaintiffs only allege claims under California law. Although Plaintiffs did not seek leave to file the FAC in a duly noticed filing "denominate[d] [as a] a motion for leave to amend," the court has discretion to allow the FAC to be the operative pleading. Simons v. U.S., 497 F.2d 1046, 1049 n.2 (internal citation and quotations omitted); Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 n.2 (9th Cir. 1990) (noting circumstances may exist where a court has

1

discretion to allow amendment of the complaint in absence of a formal motion for leave to amend).

Plaintiffs' FAC is construed as a request for leave to amend their complaint, which is granted. Therefore, Plaintiffs FAC is now the operative pleading in this case. See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1546 (9th Cir. 1989)(stating an amended complaint supercedes the prior complaint). Accordingly, the pending motions to dismiss are denied as moot since the FAC supercedes the original complaint.

Since Plaintiffs allege no federal claims in their FAC, the Court decides whether it will exercise supplemental jurisdiction over Plaintiffs' state claims. Under 28 U.S.C. § 1367(c)(3) a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "all claims over which it has original jurisdiction" have been dimissed. "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc).

"Since state courts have the primary responsibility to develop and apply state law, . . . the Gibbs values do not favor exercise of supplemental jurisdiction over [Plaintiffs'] state claims . . . ." Anderson v. Countrywide Fin., No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point

towards declining to exercise jurisdiction over the remaining state-law claims (internal quotations and citations omitted)). Therefore, Plaintiffs' remaining state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

Dated: February 18, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge