IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD TANNER AND CRISTINE TANNER,<br><br>        Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA fka COUNTRYWIDE HOME LOANS; COUNTRYWIDE BANK, FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC.; C.F. FINANCIAL, INC.; KEY BANK, N.A.; COUNTRYWIDE HOME LOANS; ANHIL B. SHAH; and DOES 1-20, inclusive,<br><br>        Defendants. | 2:09-cv-03149-GEB-KJM<br><br>ORDER GRANTING PLAINTIFFS LEAVE TO AMEND, DENYING DEFENDANTS' PENDING MOTIONS TO DISMISS AS MOOT, AND DECLINING SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE CLAIMS |

        Pending are motions to dismiss Plaintiffs' complaint. Plaintiffs' complaint includes both federal and state claims. Plaintiff did not file an opposition to any pending motion, but on February 12, 2010 Plaintiffs filed a First Amended Complaint ("FAC") in which Plaintiffs only allege claims under California law. Although Plaintiffs did not seek leave to file the FAC in a duly noticed filing "denominate[d] [as a] a motion for leave to amend," the court has discretion to allow the FAC to be the operative pleading. Simons v. U.S., 497 F.2d 1046, 1049 n.2 (internal citation and quotations omitted); Edwards v. Occidental Chem. Corp., 892 F.2d 1442, 1445 n.2 (9th Cir. 1990) (noting circumstances may exist where a court has

1  discretion to allow amendment of the complaint in absence of a formal
2  motion for leave to amend).
3       Plaintiffs' FAC is construed as a request for leave to amend
4  their complaint, which is granted.  Therefore, Plaintiffs FAC is now
5  the operative pleading in this case.  See Hal Roach Studios, Inc. v.
6  Richard Feiner and Co., Inc., 896 F.2d 1542, 1546 (9th Cir.
7  1989)(stating an amended complaint supercedes the prior complaint).
8  Accordingly, the pending motions to dismiss are denied as moot since
9  the FAC supercedes the original complaint.
10      Since Plaintiffs allege no federal claims in their FAC, the
11 Court decides whether it will exercise supplemental jurisdiction over
12 Plaintiffs' state claims.  Under 28 U.S.C. § 1367(c)(3) a district
13 court "may decline to exercise supplemental jurisdiction over a
14 [state] claim" if "all claims over which it has original jurisdiction"
15 have been dimissed.  "While discretion to decline . . . supplemental
16 jurisdiction over state law claims is triggered by the presence of one
17 of the conditions in § 1367(c), it is informed by the . . . values of
18 economy, convenience, fairness and comity" as delineated by the
19 Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715,
20 726 (1966).  Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th
21 Cir. 1997) (en banc).
22      "Since state courts have the primary responsibility to
23 develop and apply state law, . . . the Gibbs values do not favor
24 exercise of supplemental jurisdiction over [Plaintiffs'] state claims
25 . . . ."  Anderson v. Countrywide Fin., No. 2:08-cv-01220-GEB-GGH,
26 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114
27 F.3d at 1001 (stating that "in the usual case in which all federal-law
28 claims are eliminated before trial, the balance of factors will point

1  towards declining to exercise jurisdiction over the remaining state-
2  law claims (internal quotations and citations omitted)).  Therefore,
3  Plaintiffs' remaining state law claims are dismissed without prejudice
4  under 28 U.S.C. § 1367(c)(3).

5  Dated:  February 18, 2010

```
                              _____
                              GARLAND E. BURRELL, JR.
                              United States District Judge
```